# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLINTON LYNN PRIMEAUX, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, acting )<br>Commissioner Social Security )<br>Administration, )<br>)<br>Defendant. ) | Case No. CIV-14-00046-W |

## REPORT AND RECOMMENDATION

Clinton Primeaux (Plaintiff) invoked the court's jurisdiction under the Social Security Act to obtain judicial review of the Defendant Acting Commissioner's (Commissioner) final decision denying Plaintiff's application for disability insurance benefits. *See* 42 U.S.C. § 405(g). United States District Judge Lee R. West referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). The undersigned has now carefully reviewed the pleadings, the administrative record (AR), and the parties' briefs and, for the following reasons, recommends that Judge West affirm the Commissioner's decision.

## I. Determination of disability.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps).

Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. § 404.1512; *see also Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If he succeeds, the ALJ will conduct a residual functional capacity assessment at step four to determine what Plaintiff can still do despite his impairments. *See* 20 C.F.R. § 404.1545(e); *see also Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993).[1] Then, if Plaintiff shows he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1945(a)(1).

II.  Analysis.

   A.  Standard of review.

The court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).

   B.  Claim of error.

Plaintiff generally submits that "[a]t step five of the requisite Sequential Analysis, the decision of the ALJ fails for lack of substantial evidence in support of his findings that [Plaintiff] could perform other jobs and was not disabled." Doc. 13, at 3.

   C.  **Whether the ALJ's step-five findings are supported by substantial evidence.**

   1.  The ALJ's findings.

After determining that Plaintiff was unable to perform his past relevant work, the ALJ proceeded to step five of the sequential inquiry and found that "[t]hrough the date last insured, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in

significant numbers in the national economy that [Plaintiff] could have performed . . . ."[2] AR 23.

By Social Security regulation, "[i]n order to support a finding that [the claimant is] not disabled at this fifth step," an ALJ must point to "evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's] residual functional capacity and vocational factors." 20 C.F.R. § 404.1560(c)(2). Here, the ALJ found that "[t]he Medical-Vocational Guidelines of Appendix 2 to Subpart P, Regulations No. 4 provide a basis for determining [Plaintiff's] capacity for other work in view of his age, education, relevant work experience, and residual functional capacity." AR 24. He supported this determination with the following, specific findings:

- Plaintiff's amended alleged onset of disability date is August 4, 2010. *Id.* at 12.

- Plaintiff was insured for disability insurance benefits through December 31, 2010 and, in order to be entitled to those benefits, he must establish disability before that "date last insured." *Id.* at 13.

- Through his date last insured, Plaintiff had the residual functional

---

[2] As authority, the ALJ cited 20 C.F.R. § 404.1569, titled "Listing of Medical-Vocational Guidelines in appendix 2." AR 23.

4

capacity to perform, *without limitation*, work at the light exertional level. *Id.* at 16; Doc. 13, at 4.

- Through his date last insured, Plaintiff was unable to perform any past relevant work. AR 23.

- On his date last insured, Plaintiff was fifty (50) years old, defined by 20 C.F.R. § 404.1563(d) as an individual who is "closely approaching advanced age." *Id.*

- Plaintiff has a limited education and the ability to communicate in English. *Id.*

- Whether Plaintiff has transferrable job skills is not material. *Id.*

Taking administrative notice pursuant to 20 C.F.R. § 404.1566, the ALJ further determined that work existed in significant numbers in the national economy. *Id.* at 23. He found that "[a]ppendix 2 to 20 CFR 404.1500 specifies that approximately 2,500 separate sedentary, light and medium unskilled occupations can be identified in eight broad occupational categories, each occupation representing numerous jobs in the national economy." *Id.* He concluded that "[a] finding of 'not disabled' is therefore appropriate under" the Medical-Vocational Guidelines. *Id.* at 24.

### 2. The parties' contentions.

Plaintiff claims the ALJ found at step five that Plaintiff could perform

"2500 separate sedentary, light *and medium* unskilled occupations [that] can be identified in eight broad occupational categories. . . ." Doc. 13, at 4 (quoting AR 23) (emphasis and alteration added by Plaintiff). He characterizes these occupations as "generic jobs" and argues the ALJ failed to identify "any specific jobs per the Dictionary of Occupational Titles (DOT) . . . at Step 5 in support of his findings." *Id.* at 4-5. According to Plaintiff, the ALJ did not "bother[] to provide any DOT description of what exact jobs [he was] referring to among 2500 nondescript, assorted, generic jobs" and also failed to "inquire, discuss or mention the DOT or any conflicts" between the jobs and the DOT. *Id.* at 5. He contends the ALJ further failed to "consider the impact effect of the Plaintiff's age on his ability to perform other work." *Id.*

The Commissioner, on the other hand, notes that "[a]t step five, . . . the ALJ relied on the Medical-Vocational Guidelines (Grids) at 20 C.F.R., pt. 404, subpt. P, app. 2 and concluded that Plaintiff could perform other jobs existing in significant numbers in the national economy (Tr. 24)." Doc. 21, at 6. And, she argues, "where the claimant's age, education, work experience, and RFC match a particular Grid rule, the ALJ may rely solely on the Grids to determine the existence of jobs at step five – there is no need for evidence of specific jobs that the claimant can perform from a VE or correlation with the DOT." *Id.* at 10.

Plaintiff did not exercise his option to reply to the Commissioner's

arguments. *See* Doc. 12.

## 3. The grids.

The Commissioner promulgated the Medical-Vocational Guidelines – the so-called "grids" – to assist with the burden at step five of the sequential process. *See* 20 C.F.R. pt. 404, subpt. P, App. 2. "The grids are matrices of the 'four factors identified by Congress – physical ability, age, education, and work experience – and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.'" *Daniels v. Apfel,* 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting *Heckler v. Campbell,* 461 U.S. 458, 461-62 (1983)). "The grids should not be applied conclusively in a particular case unless the claimant [can] perform the full range of work required of that RFC category on a daily basis and unless the claimant possesses the physical capacities to perform most of the jobs in that range." *Thompson v. Sullivan,* 987 F.2d 1482, 1488 (10th Cir. 1993) (quotation and alteration omitted).[3]

In claiming error, Plaintiff raises issues implicated by an ALJ's step-five finding that a claimant retains the capacity to perform certain, specific jobs

---

[3] Here, while the ALJ noted his reliance on the testimony of a vocational expert (VE) and further stated that he was using the grids as a "framework" for his decision, AR 24, "it is clear he relied solely on the grids in finding [Plaintiff] not disabled." *Daniels,* 154 F.3d at 1131 n.3.

available in significant numbers in the national economy. Doc. 13, at 3-10. But the ALJ made no such finding here. Instead, the ALJ applied the grids at step five and Plaintiff simply ignores that actuality, both in his opening brief and by his failure to reply to the Commissioner's arguments. *Id.* In so doing, Plaintiff does not challenge – under fact or law – the ALJ's findings with respect to his age, education, work experience, and residual functional capacity. *Id*; *see* AR 23-24. Neither does he challenge that "[a] finding of 'non disabled' is therefore appropriate under" the grid rules. *Id.* at 24.

## III. Recommendation and notice of right to object.

For the reasons stated, the undersigned Magistrate Judge recommends that Judge West affirm the Commissioner's decision.

The undersigned advises the parties of their right to object to this Report and Recommendation by the 8th day of January, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 19th day of December, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE